JOHN L. BURRIS, ESQ. (SBN 69888)
BEN NISENBAUM, ESQ. (SBN 222173)
K. CHIKE ODIWE, ESQ. (SBN 315109)
BRANDON YEE, ESQ. (SBN 344583)
**BURRIS NISENBAUM CURRY AND LACY**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@bncllaw.com
bnisenbaum@gmail.com
chike.odiwe@bncllaw.com
brandon.yee@bncllaw.com

Attorneys for Plaintiff
KENNETH PATTERSON

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH PATTERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, a municipal corporation; FNU MATSUI, individually and in his official capacity as a police officer for the SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT; FNU ALEXANDER, individually and in his official capacity as a police officer for the SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT; DOES 1-25, inclusive, individually, jointly, and severally, in their official capacities as police officers for the SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT; and DOES 26-50,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br>(42 U.S.C §§ 1983; and pendent tort claims)<br><br>**JURY TRIAL DEMANDED** |

1

**INTRODUCTION**

1. This case arises out of the unconstitutional force used against Kenneth Patterson. On July 14, 2023, multiple officers from the San Francisco Bay Area Rapid Transit District, without cause or legal justification, used control holds, forcefully choked him and handcuffed him, causing him to lose consciousness and sustaining mental injuries.

2. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the excessive and unreasonable force used during Mr. Patterson's arrest.

**JURISDICTION AND VENUE**

3. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367. Supplemental Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**PARTIES**

5. Plaintiff Kenneth Patterson (Plaintiff) has been and is a resident of California and a United States Citizen.

6. Defendant FNU Matsui (Matsui) was an officer for the San Francisco Bay Area Rapid Transit District, and is sued individually and in his official capacity.

7. Defendant FNU Alexander (Alexander) was an officer for the San Francisco Bay Area Rapid Transit District, and is sued individually and in his official capacity.

8. Defendant SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT (BART) is and at all times herein mentioned is a municipal entity duly organized and existing under the laws of the State of California that manages and operates the SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT POLICE DEPARTMENT.

9. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50 inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

10. Plaintiff is required to comply with an administrative tort claim requirement under California Government Code Section 910. Plaintiff submitted a claim under the CA Tort Claims Act on August 29, 2023. The Tort Claim was rejected on October 13, 2023. Plaintiff has exhausted all administrative remedies pursuant to California law.

## GENERAL ALLEGATIONS

11. On July 14, 2023, at approximately 9 a.m., Plaintiff was present at the Fruitvale BART station located at 3401 E. 12th Street, Oakland, CA 94601.

12. Plaintiff entered the BART station by climbing over a turnstile. Three BART officers approached him—Defendants Alexander, Matsui, and a DOE officer. The officers asked Plaintiff to sit on a bench and the officers came very physically close to him. Plaintiff, feeling

threatened by the officers invading his personal space, began to protest the officers' actions by pulling out his cellular phone, standing up, telling the officers what they were doing was wrong and that he was going to record them.

13. As soon as Plaintiff pulled out his cell phone, Defendant Matsui violently slapped Plaintiff's phone out of his hands. Without legal cause, justification or warning, the Defendant Alexander took control of one of Plaintiff's arms, and the DOE officer took control of Plaintiff's other arm, and they forcefully twisted his arms in a control hold. Simultaneously, Defendant Matsui wrapped his arms around Plaintiff's neck, around Plaintiff's Adam's Apple, and viciously placed Plaintiff into a standing guillotine chokehold. Plaintiff lost consciousness. When Plaintiff came to, he found himself hunched over with his front half at an angle and his saliva dripping onto the floor, which amassed into a puddle.

14. The officers picked Plaintiff up and Defendant Alexander attempted to place handcuffs on Plaintiff and twisted Plaintiff's arms in a painful manner to do so. This led to the DOE officer verbally reprimanding Defendant Alexander for putting the handcuffs on in an incorrect manner. The DOE officer brushed off Defendant Alexander, took control of Plaintiff's arms, and handcuffed Plaintiff in his stead.

15. After Plaintiff was handcuffed, Defendant Alexander immediately took Plaintiff to Santa Rita Jail. No medical provider was called to check if Plaintiff was medically cleared even after he had just been choked unconscious several minutes beforehand. To add insult to injury, while being booked into Santa Rita Jail, Defendant Alexander used his boots to kick off Plaintiff's shoes while Plaintiff was wearing them.

4

16.    As a result of this incident, Plaintiff spent two nights in Santa Rita Jail. He also sustained bruising in the wrist area as a result of the BART officers' excessive use of force. Plaintiff has required psychiatric help and is traumatized by this incident.

17.    At all material times, and alternatively, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Plaintiff's rights, negligent, and objectively unreasonable.

## DAMAGES

18.    As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the First and Fourth Amendment, Plaintiff was physically, mentally, and emotionally damaged as a proximate result of Defendants' wrongful conduct.

19.    Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C §§ 1983 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. § 1983 and 1988.

### FIRST CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution – Excessive Force)**
**(42 U.S.C. § 1983)**
**(Against Defendants Matsui, Alexander, and DOES 1-25)**

20.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 19 of this Complaint.

21.    42 U.S.C. § 1983 provides in part "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or

other proper proceeding for redress."

22. Plaintiff had a firmly-established right under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress, unreasonable search and seizure, and to be free from excessive force being used against them.

23. Defendants interfered with Plaintiff right to be free from use of excessive force when Defendant officers slapped Plaintiff's phone out of his hands, twisted his arms in a control cold, put him in a chokehold, and the officers handcuffed him. It was unnecessary for Defendant officers to forcefully detain Plaintiff when he was already in their custody and informing the officers that he was merely recording the police actions. Defendant officers' actions were a conscious disregard to Plaintiff, who was in the process of complying with the officers' commands. As a result, defendants are liable for excessive force violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Violation of the First Amendment of the United States Constitution – Questioning Police Action)**
**(42 U.S.C. § 1983)**
**(Against Defendants Matsui, Alexander, and DOES 1-25)**

24. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 of this Complaint.

25. At all times relevant herein, Plaintiff had a right to free speech and to protest police action as afforded and provided by the First Amendment and protected against retaliation by the same and 42 U.S.C. § 1983.

26. Defendants interfered with Plaintiff's right to free speech and to protest police action when Defendant officers used excessive force against Plaintiff in retaliation for Plaintiff

merely questioning the officers' invasion of his physical space. Additionally, the officers violated Plaintiff's right to question police action when they put him in a control hold, put him in a chokehold, and handcuffed him.

27. The conduct of Defendants was willful, wanton, malicious, and with reckless disregard for the rights and safety of Plaintiff.

28. As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotional injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Violation of Bane Act CALIFORNIA CIVIL CODE §52.1)**
**(Against Defendants BART, Matsui, Alexander, and DOES 1-25)**

29. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 of this Complaint.

30. Civil Code Section 52.1 authorizes suit against anyone who by threats, intimidation, or coercion interferes with the exercise or enjoyment of rights secured by the state or federal Constitutions or laws without regard to whether the victim is a member of a protected class. Civil Code section 52(a) provides for damages up to three times actual damages but a minimum of $4,000 for each violation.

31. Here, Defendants threatened Plaintiff's right to be free and secure from excessive force and right to question police action when Defendant officers violently slapped Plaintiff's phone out of his hands, twisted his arms in a control cold, put him in a chokehold, and the officers handcuffed him. It was unnecessary for Defendant officers to forcefully detain Plaintiff when he was already in their custody and informing the officers that he was merely recording the

police actions. Consequently, Defendant officers' violation of Plaintiff's right of freedom of speech and right to question police action resulted in Plaintiff sustaining bruising to his wrist area and requiring him to seek psychiatric help.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
(Negligence)
**(Against Defendants BART, Matsui, Alexander, and DOES 1-25)**

32. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 of this Complaint.

33. An individual is liable for injuries caused by failure to exercise reasonable care in the circumstances. A cause of action for negligence arises when there is a legal duty to use due care. There is a breach of the legal duty and the breach is the proximate or legal cause of the resulting injury.

34. Defendants Matsui, Alexander, and the DOE officer without due care for interacting with Plaintiff, whom they had notice of Plaintiff's free speech and protest of police action, injured Plaintiff. Defendants Matsui, Alexander, and the DOE officer without due care used unreasonable force on Plaintiff. Defendants Matsui, Alexander, and DOE officers had a duty as police officers to use reasonable force. Defendants Matsui, Alexander, and DOE officers breached that duty by violently slapping Plaintiff's phone out of his hands, forcefully grabbing Plaintiff's arms in a control hold and viciously putting Plaintiff into a standing guillotine chokehold and handcuffing Plaintiff despite Plaintiff complying with the officers' commands and was merely questioning why the officers were so close to him. Plaintiff sustained a loss of consciousness and abrasions in his wrist area. Plaintiff sustained severe emotional distress. As a result, Defendants Matsui, Alexander, and the DOE officer are liable for negligence.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (Assault)
**(Against Defendants BART, Matsui, Alexander, and DOES 1-25)**

35. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34 of this Complaint.

36. Defendants acted with intent to cause harmful or offensive contact or threatened to touch plaintiff in a harmful or offensive manner. Plaintiff reasonably believed he was about to be touched in a harmful or offensive manner. Moreover, it reasonably appeared to plaintiff that defendants were about to carry out the threat. Plaintiff did not consent to defendants' harmful contact. Plaintiff was harmed. Defendants' conduct was a substantial factor in causing plaintiff's harm.

37. Defendant officers intended to touch Plaintiff in a harmful or offensive manner. Plaintiff reasonably believed he was about to be touched in a harmful or offensive manner. It reasonably appeared to Plaintiff that defendants were about to carry out the threat. Plaintiff did not consent to defendants' harmful contact. Plaintiff sustained a severe bodily injury as a result of defendants' assault and battery. Defendants' conduct was a substantial factor in causing plaintiff's severe bodily injury.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### (Battery)
**(Against Defendants BART, Matsui, Alexander, and DOES 1-25)**

38. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 of this Complaint.

39. Defendants acted with intent to cause harmful or offensive contact or threatened to touch plaintiff in a harmful or offensive manner. The plaintiff reasonably believed he was about to be touched in a harmful or offensive manner. Moreover, it reasonably appeared to plaintiff that defendants were about to carry out the threat. Plaintiff did not consent to defendants' harmful contact. Battery occurred when defendants actually made contact with and harmed the plaintiff. Defendants' conduct was a substantial factor in causing plaintiff's harm.

40. Defendants Matsui, Alexander, and the DOE officer intended to touch Plaintiff in a harmful or offensive manner. Plaintiff reasonably believed he was about to be touched in a harmful or offensive manner. It reasonably appeared to Plaintiff that defendants were about to carry out the threat. Plaintiff did not consent to defendants' harmful contact. Defendants actually made contact with Plaintiff by putting him in a control hold and chokehold despite Plaintiff telling the officers he was going to record their actions. Plaintiff sustained a severe bodily injury as a result of defendants' assault and battery. Defendants' conduct was a substantial factor in causing plaintiff's severe bodily injury.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
**(False Imprisonment)**
**(Against Defendants BART, Matsui, Alexander, and DOES 1-25)**

41. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 40 of this Complaint.

42. Defendants intentionally deprived Plaintiff of his freedom of movement by use of physical force.

43. The restraint compelled Plaintiff to stay somewhere for some appreciable time, however short.

44. Plaintiff did not knowingly or voluntarily consent.

45. Plaintiff was actually harmed.

46. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined according to proof as to the individual defendants and defendants Matsui, Alexander, and DOES 1 through 25 and/or each of them;

4. Any and all permissible statutory damages;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated: April 12, 2024                    **Burris, Nisenbaum, Curry, and Lacy**


                                        /s/ *John L. Burris*
                                        John L. Burris
                                        Ben Nisenbaum
                                        K. Chike Odiwe

11

Brandon Yee
Attorneys for Plaintiff